Ian Herzog [Bar No. 41396]
Evan D. Marshall [Bar No. 82444]
THE LAW OFFICES OF IAN HERZOG
A Professional Corporation
11400 West Olympic Boulevard, Suite 1150
Los Angeles, California 90064
Telephone: (310) 458-6660
Fax: (310) 458-9065

Attorneys for Plaintiff Anita Busch

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| ANITA BUSCH, | Case No. |
| Plaintiff, | [Related to Case No. CR 05-1046(E) - DSF] |
| -vs- | |
| FEDERAL BUREAU OF INVESTIGATION, Federal Bureau of Investigation, Los Angeles Field Office, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | |

Comes now Plaintiff Anita Busch and alleges as follows:

1. This action arises under the Administrative Procedure Act, 5 *U.S.C.* §§500 *et seq.*, and the Declaratory Judgment Act, 28 *U.S.C.* §§2201-2202.

2. Plaintiff Anita Busch seek injunctive and other appropriate relief that will allow her to obtain information critical to the trial of her claims now pending before the Superior Court for Los Angeles County, California, *Anita Busch v. Anthony Pellicano*, LASC Case No. BC 316318 (hereafter the "state litigation"). Specifically, Plaintiff requests that this Court enter an order compelling Defendant to authorize the deposition testimony of agents or former agents of the Federal

Bureau of Investigation so as to authenticate witness statements taken by them and previously disclosed to the parties in the state litigation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter and the parties to this suit pursuant to 28 *U.S.C.* §1331, 5 *U.S.C.* §702, and 28 *U.S.C.* §2201. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 *U.S.C.* §§2201 and 2202; under 28 *U.S.C.* §2000bb-1©; and under the Administrative Procedure Act, 5 U.S.C. §702. This Court has the authority to compel agency action that has been unlawfully or unreasonably withheld or delayed, and to hold unlawful and set aside agency actions

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e)(1) because this is an action against an agency of the United States, at least one defendant resides in this district; the events or omissions giving rise to the claim occurred in this district; the FBI agents whose testimony are sought reside in this District, and the criminal litigation to which the relevant investigative material and statements pertains was conducted in this District, *United States v. Anthony Pellicano, et al.*, USDC Case No. CR 05-1046(E) - DSF.

5. The denial of Plaintiff's demand for testimony from the FBI agents whose testimony is, and Defendant's assertion that no testimony will be provided absent specific order of the Court, constitutes final agency action for which there is no other adequate remedy under 5 U.S.C. §704.

## PARTIES

6. Plaintiff Anita Busch is a United States citizen and a resident of the State of California, County of Los Angeles.

...

7. Defendant Federal Bureau of Investigation is an executive department of the United States government (10 *U.S.C.* §111), and is an "agency" within the meaning of 5 U.S.C. §701.

# FIRST CAUSE OF ACTION FOR
# DECLARATORY AND INJUNCTIVE RELIEF

8. In and about 2002, Plaintiff was an established journalist covering the entertainment industry. Plaintiff was a reporter and writer for the New York Times from June 2001 to June 2002. From June 2002 to May 2004, she was entertainment editor/reporter for the Los Angeles Times. On June 20, 2002, Busch found a dead fish with a red rose on the broken windshield of her car, with a card that said "Stop." She subsequently experienced threats, hacking of her computer, and interference with her phone lines.

9. The Federal Bureau of Investigation initiated an investigation of the foregoing events, which uncovered evidence that the fish, rose and note on had been put on Busch's car at the direction of private investigator Anthony Pellicano. The investigation further disclosed a widespread pattern of wiretapping, intrusion into confidential telephone company records, and invasion of privacy including unlawful access to criminal and governmental databases.

10. The FBI investigation led to multi-count federal criminal indictments against Anthony Pellicano, Rayford Turner, Mark Arneson and others, and prosecution in *United States v. Anthony Pellicano, et al.*, USDC Case No. CR 05-1046(E) - DSF. In 2008, each of the defendants were convicted of multiple counts. The convictions were largely affirmed by the Ninth Circuit Court of Appeal in August 2015. In July 2016, the Ninth Circuit denied petitions for rehearing for certain appellants (Kevin Kachikian, Terry Christensen. and Mark Arneson), and on August 11, 2016, the Ninth Circuit granted appellants

Christensen and Arneson's motion for stay of mandate pending the filing of a Petition for a Writ of Certiorari. All petitions for rehearing have since been denied.

11. Plaintiff filed the state litigation in 2004 (*Anita Busch v. Anthony Pellicano*, LASC Case No. BC 316318). Multiple additional civil actions were filed in state court, most of which were related under the *Busch* case number. Discovery and other activity in those actions were stayed by the Superior Court while the federal criminal action (*United States v. Anthony Pellicano, et al.*, USDC Case No. CR 05-1046(E) - DSF) was proceeding. That stay was lifted in 2009, following conclusion of the criminal proceedings in the District Court.

12. Trial in the state litigation is presently set for June 5, 2017.

13. During the course of the FBI investigation, FBI agents Stanley Ornellas, John Mosser and others interviewed witnesses and prepared reports of such interviews ("FBI 302's"). In 2010, at the request of litigants in the state civil litigation, the Department of Justice provided to the parties in the civil litigation the 302's compiled during the course of the FBI investigation, subject to a protective order. Attached hereto as ***Exhibit 1*** is the United States Attorney's letter of October 1, 2010 advising that it had reviewed the material and determined that disclosure was appropriate.

14. Most or all of the statements relevant to this action were taken by FBI Special Agent Stanley Ornellas, who is now retired.

15. During the pendency of the federal criminal appeal, defendant declined to permit the relevant FBI agent to testify in the state litigation regarding their investigation.

16. On or about October 21, 2016, Plaintiff's counsel wrote to the United States Attorney for the Central District of California pursuant to *United States ex rel. Touhy v. Ragen* (1951) 340 U.S. 462 and 28 C.F.R. §16.26 requesting the testimony of the relevant FBI agents for the purpose of authenticating the contents

of specified FBI 302s pertaining directly to the state litigation. A true and correct copy of that letter appears as *Exhibit 2* hereto. Plaintiff identified the relevant interviewees as Mark Arneson, Bertram Fields, James Ellis, Michael Ovitz, David Lopes, Michel Malkin, Ronald Meyer, Daniel Patterson, Anthony Pellicano, Steven Seagal, Clifford Shillingford, Denise Ward, Joanne Wiggan, and Teresa Wright.

17. Plaintiff did not receive a formal response to that later, but was informally advised by the United States Attorney's office that any request for testimony of the agents should be directed to the Federal Bureau of Investigation.

18. On or about December 8, 2016, Plaintiff's counsel wrote to the Los Angeles Bureau of the Federal Bureau of Investigation pursuant to *United States ex rel. Touhy v. Ragen* (1951) 340 U.S. 462, and 28 C.F.R. §16.26 requesting the testimony of the investigating agents. A true and correct copy of that letter appears as *Exhibit 3* hereto.

19. On or about January 30, 2017, the Federal Bureau of Investigation denied Plaintiff's request for said testimony in a letter a true and correct copy of which appears as *Exhibit 4* hereto. Defendant asserted that it would not permit the testimony absent a federal court order or waiver.

20. As stated in Plaintiff's requests, the objective of the requested testimony is to authenticate the contents of designated FBI 302s pertaining directly to the state litigation for the purpose of placing them evidentiary form, and to confirm that the 302s are an accurate account of such statements. Plaintiff did not requesting other portions of the investigative file, or any information disclosing confidential informants, investigative methods or privileged communications, and did not request testimony as to any matter or information not already disclosed to the defendants in the federal criminal action and the litigants in the state litigation.

21. The FBI 302 statements are plainly discoverable matter of central importance to the state litigation. They are now of only historic interest to the Justice Department, and the testimony would impose no burden on the current activities of the government. The material pertaining to the requested testimony was previously reviewed and found appropriate for disclosure in 2010.

22. The requested testimony is not privileged or confidential, does not intrude upon the privacy interests of third parties and is not cumulative; defendant had the exclusive ability to timely interview witnesses and gather statements given that the civil actions were stayed by the Superior Court until after the conclusion of the federal criminal trial in 2008. One of the witnesses, David Lopes, died before he could be deposed in the civil action.

23. The requested testimony is directly relevant and crucial to the issues to be tried in the state litigation as it pertains to wiretapping activity, intrusion into confidential telephone company databases, illegal access to criminal records and governmental databases, and to the retention and compensation of Anthony Pellicano by the defendants in the state court action.

24. In declining Plaintiff's request, defendant failed to state good cause for refusing to allow the requested testimony. Notwithstanding the absence of good cause or justification under 28 C.F.R. §§16.261-16.26, defendant has refused to authorize the testimony of former Special Agent Ornellas, of Special Agent Mosser, or any other agent, as a result of which said agents have not appeared for depositions, though neither statute nor 28 C.F.R. §§16.261-16.26 authorize Defendant to withhold the information sought by Plaintiff.

25. Defendants' refusal to comply with Plaintiffs' Touhy request constitutes final agency action that adversely affects Plaintiff. Defendant's refusal to comply with Plaintiffs' Touhy requests exceeded statutory jurisdiction, authority, or limitations, in violation of the Administrative Procedure Act.

26. Defendants' refusal to comply with Plaintiff's Touhy request was arbitrary, capricious, and an abuse of discretion, in violation of the Administrative Procedure Act. The Court should hold unlawful and set aside Defendants' refusal to comply with Plaintiffs' Touhy requests under 5 *U.S.C.* § 706(2).

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Declare that the Defendant's refusal to permit testimony authenticating the FBI 302's and to comply with Plaintiffs' Touhy request exceeds statutory jurisdiction, authority, or limitations;
2. Declare that the Defendant's refusal to permit the requested to comply with Plaintiffs' Touhy requests is arbitrary, capricious, and an abuse of discretion;
3. Order the Defendant to comply with Plaintiffs' Touhy requests by permitting depositions to be taken of the relevant FBI agents and former agents;
4. Award costs and reasonable attorneys' fees incurred in this action to the extent permitted by law; and
5. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: February 22, 2017      **THE LAW OFFICES OF IAN HERZOG**

By: _/s/ Evan D. Marshall_
Evan D. Marshall
Attorneys for Plaintiff Anita Busch

U. S. Department of Justice

United States Attorney
Central District of California

Daniel A. Saunders
Kevin M. Lally
Assistant United States Attorneys
(213) 894-2272/2170

312 North Spring Street
Los Angeles, CA  90012

October 1, 2010

RECEIVED
EOA LLP
OCT 04 2010

**VIA FEDERAL EXPRESS**

Jason M. Frank
Eagan O'Malley & Avenatti LLP
450 Newport Center Drive
2nd Floor
Newport Beach, California 92660

Re:  In re Pellicano Cases

Dear Mr. Frank:

The United States Attorney's Office ("this Office") has reviewed the request for disclosure of FBI 302s submitted in connection with the above-captioned matter ("the request"). Implementing the regulations found in 28 C.F.R. § 16.21 et seq. (the "Touhy regulations"), the Chief Assistant United States Attorney has concluded that the relevancy statements set forth in the request, standing alone, are insufficiently specific to require production. With respect to those requested 302s that were previously produced in the underlying federal criminal matter, however, the Chief Assistant United States Attorney has determined that the minimal relevancy statements in the request, when combined with this Office's prior determination in the criminal discovery context that the 302s are arguably relevant to allegations of wiretapping and unlawful accessing of confidential information, provide a sufficient basis for production under the Touhy regulations.

With regard to any other 302s listed in the request, the furnished relevancy statements are insufficient to allow this Office to make a determination as to whether any responsive documents in its possession would have any relevance to any pending civil matter.[1] We note that the Touhy regulations are

---



[1]  Moreover, to the extent that the District Court issued orders that certain 302s were not subject to criminal discovery, such 302s are not being produced herewith.

**EXHIBIT 1**

not a general discovery mechanism, but require a showing of the relevance of Department of Justice information to the particular proceeding. That showing is not satisfied by boilerplate statements unsupported by any demonstration of the particular witness' relevance to any particular civil action.

Please be advised that we cannot be compelled to testify or provide information as to matters about which he we have been prohibited from testifying or providing information. Having received directions not to testify or provide information, any court order purporting to compel such testimony or the provision of information would be unenforceable and we would be immune from any sanctions for refusing to provide such testimony or information. See In re Recalcitrant Witness Richard Boeh, 25 F.3d 761, 766 (9th Cir. 1994).

For your assistance, enclosed please find an index, prepared by a paralegal in this Office, of the 302s that are produced herewith in response to the request. Please be advised that we have not independently verified each of the entries in this index and can therefore make no representations as their accuracy. The index represents the paralegal's best efforts to accurately identify the produced 302s, and this government work product is provided to you solely as a convenience.

Please be advised that requested 302s of Jane Does are not being produced because the privacy concerns for these alleged rape victims outweigh any minimal showing of relevance. Please also be advised that, at the request of counsel for Brad Grey, the FBI 302s of Grey's interviews dated July 17, 2003 and January 14, 2004 have been withheld from the enclosed materials to allow Grey to make a motion claiming that those 302s are protected from disclosure by Federal Rule of Criminal Procedure 6. They will be provided to you in a supplemental disclosure should Grey's motion prove unsuccessful, or should he fail to file such a motion within a reasonable time.

You are authorized to disseminate the enclosed materials to counsel for any civil litigant in the matters within the request's definition of "Civil Cases" or "Civil Actions" (Attachment A, page 1) who has signed and agreed to be bound by the protective order regarding criminal discovery issued by United States District Judge Dale S. Fischer on April 3, 2006, in United States v. Anthony Pellicano, et al., No. CR 05-1046-DSF.

5

EXHIBIT 1

If you have any questions about this issue, please contact Assistant United States Attorney Dorothy C. Kim, this Office's Touhy coordinator, at (213) 894-3779.

Very truly yours,

DANIEL A. SAUNDERS
KEVIN M. LALLY
Assistant United States Attorneys

cc: AUSA Dorothy C. Kim

EXHIBIT 1

**HERZOG, YUHAS, EHRLICH & ARDELL, A.P.C.**

IAN HERZOG
THOMAS F. YUHAS
JUSTIN EHRLICH
ERIC FREEDMAN
OF COUNSEL
AMY ARDELL
(10-27-40 to 8-8-08)
SANDRA LEE TYSON
EVAN MARSHALL
SUSAN E. ABITANTA

11400 WEST OLYMPIC BOULEVARD
SUITE 1150
LOS ANGELES, CA 90064
310-458-6660
310-458-9065 FAX



October 21, 2016

Eileen M. Decker, Esq.
United States Attorney
Central District of California
312 North Spring Street, Suite 1200
Los Angeles, California 90012

  *Anita Busch v. Anthony Pellicano*, LASC Case No. BC 316318
  *United States v. Anthony Pellicano, et al.*, USDC Case No. CR 05-1046(E) - DSF

Dear Ms. Decker:

  This office represents Anita Busch in the above civil action now pending in Los Angeles Superior Court, arising out of threats, wiretapping and violations of privacy and confidentiality laws by Anthony Pellicano and his associates.

  As you know, in 2008 Mr. Pellicano, Rayford Turner, Mark Arneson and others were convicted of multiple counts in relation to Ms. Busch and other victims. Those convictions were largely affirmed by the Ninth Circuit in August 2105, and the case was remanded for re-sentencing by the District Court. It is my understanding that the re-sentencing will be completed this month, bring the federal proceedings to an end.

  In 2010, the Department of Justice provided the 302's compiled during the course of the FBI investigation of the *Pellicano* matter to the parties in the civil litigation, subject to a protective order. Most or all of the relevant statements were taken by Special Agent Stanley Ornellas, who is now retired. You may also be aware that Ms. Busch was very cooperative and of considerable assistance to the Department of Justice in that investigation.

  This letter is a request pursuant to *United States ex rel. Touhy v. Ragen* (1951) 340 U.S. 462, and 28 *C.F.R.* §16.26 for the testimony of the investigating agents. The objective of that testimony is to authenticate the contents of certain FBI 302s pertaining directly to the *Busch* case – *i.e.*, to place in evidentiary form the statements made by various witnesses to the investigating agents, and to confirm that the 302s are an accurate account of such statements.

**EXHIBIT 2**

Eileen M. Decker, Esq.
United States Attorney
Re: *Busch v. Pellicano*, LASC Case No. BC 316318
    *United States v. Pellicano*, USDC Case No. CR 05-1046(E) - DSF
October 21, 2016
page 2


      The relevant interviewees are: Mark Arneson, Bertram Fields, James Ellis, Michael Ovitz, David Lopes, Michel Malkin, Ronald Meyer, Daniel Patterson, Anthony Pellicano, Steven Seagal, Clifford Shillingford, Denise Ward, Joanne Wiggan, and Teresa Wright.

      We are not requesting other portions of the investigative file, or any information which discloses confidential informants, investigative methods or privileged communications. We are not requesting any matter or information not already disclosed to the federal defendants and civil litigants.

      The 302 statements are plainly discoverable matter of central importance to the *Busch* case. They are now of only historic interest to the Justice Department, and the requested testimony – which we anticipate would only be required from Mr. Ornellas, who is no longer with the Bureau – would impose no burden on the current activities of the government. *Exxon Shipping Co. v. U.S. Dep't of Interior* (9th Cir. 1994) 34 F.3d 774, 779. As the letter of October 1, 2010 (enclosed) from your office indicates, the material pertaining to this request has previously been reviewed and found appropriate for disclosure.

      The government had the exclusive ability to timely gather these statements given that the civil actions were stayed by the Superior Court until the conclusion of the criminal trial in 2008. David Lopes, moreover, died before he could be deposed in the civil action.

      Thank you for your attention to this matter.

                                                          Sincerely,

                                                          Evan D. Marshall

enc.

**EXHIBIT 2**

# HERZOG, YUHAS, EHRLICH & ARDELL, A.P.C.

IAN HERZOG
THOMAS F. YUHAS
JUSTIN EHRLICH
ERIC FREEDMAN
OF COUNSEL
AMY ARDELL
(10-27-40 to 8-9-09)
SANDRA LEE TYSON
EVAN MARSHALL
SUSAN E. ABITANTA

11400 WEST OLYMPIC BOULEVARD
SUITE 1150
LOS ANGELES, CA 90064
310-458-6660
310-458-9065 FAX



December 8, 2016

Ms. Christina Gaspar
Federal Bureau of Investigation
11000 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90024

      *Anita Busch v. Anthony Pellicano, et al.*, LASC Case No. BC 316318
      *United States v. Anthony Pellicano, et al.*, USDC Case No. CR 05-1046(E) - DSF

Dear Ms. Gaspar:

      This office represents Anita Busch in the above civil action now pending in Los Angeles Superior Court, arising out of threats, wiretapping and violations of privacy and confidentiality laws by Anthony Pellicano and his associates.

      This letter is a request pursuant to *United States ex rel. Touhy v. Ragen* (1951) 340 U.S. 462, and 28 *C.F.R.* §16.26 for the deposition testimony of agents involved in the investigation in *United States v. Pellicano*. This request was previously directed to the United States Attorney, who advised us that the Federal Bureau of Investigation was the appropriate agency.

      As you may know, in 2008 Anthony Pellicano, Rayford Turner, Mark Arneson and others were convicted of multiple counts in relation to Ms. Busch and other victims. Those convictions were largely affirmed by the Ninth Circuit in August 2105, and the case was remanded for re-sentencing by the District Court.

      In 2010, the Department of Justice provided the 302s compiled during the course of the FBI investigation of the *Pellicano* matter to the parties in the civil litigation, subject to a protective order. Most or all of the relevant statements were taken by Special Agent Stanley Ornellas, who is now retired. Ms. Busch was cooperative and of considerable assistance to the Department of Justice in that investigation.

      The purpose of the requested testimony is to authenticate the contents of certain FBI 302s pertaining directly to the *Busch* case – *i.e.*, to place in evidentiary form the statements made by various witnesses to investigating agents, and to confirm that the 302s are an accurate account of such statements.

EXHIBIT 3

Ms. Christina Gaspar
Federal Bureau of Investigation
Re: *Busch v. Pellicano*, LASC Case No. BC 316318
    *United States v. Pellicano*, USDC Case No. CR 05-1046(E) - DSF
December 8, 2016
Page 2

    The relevant interviewees are: Mark Arneson, Bertram Fields, James Ellis, Michael Ovitz, David Lopes, Michel Malkin, Ronald Meyer, Daniel Patterson, Anthony Pellicano, Steven Seagal, Clifford Shillingford, Denise Ward, Joanne Wiggan and Teresa Wright.

    We are not requesting other portions of the investigative file, or any information which discloses confidential informants, investigative methods or privileged communications. We are not requesting any matter or information not already disclosed to the federal defendants and civil litigants.

    The 302 statements are plainly discoverable matter of central importance to the *Busch* case. They are now of only historic interest to the Justice Department, and the requested testimony – which we anticipate would only be required from Mr. Ornellas, who is no longer with the Bureau – would impose no burden on the current activities of the government. *Exxon Shipping Co. v. U.S. Dep't of Interior* (9th Cir. 1994) 34 F.3d 774, 779. As the letter of October 1, 2010 (enclosed) from the United States Attorney indicates, the material covered by this request has previously been reviewed and found appropriate for disclosure.

    The government had the exclusive ability to timely gather these statements given that the civil actions were stayed by the Superior Court until the conclusion of the criminal trial in 2008. David Lopes, moreover, died before he could be deposed in the civil action.

    Thank you for your attention to this matter.

                                   Sincerely,

                                   Evan D. Marshall

enc.

**EXHIBIT 3**



HC0201008

**U.S. Department of Justice**

Federal Bureau of Investigation
Los Angeles Division

---

*Office of the Chief Division Counsel*
*(310) 996-3386*

*11000 Wilshire Boulevard, Suite 1700*
*Los Angeles, California 90024*

January 30, 2017

RECEIVED
FEB 01 2017
HERZOG YUHAS EHRLICH & ARDELL

**Via U.S. Mail**

Herzog, Yuhas, Ehrlich & Ardell, A.P.C.
Attn: Evan Marshall
11400 West Olympic Boulevard
Suite 1150
Los Angeles, CA 90064

Re: *Anita Busch v. Anthony Pellicano*
LASC Case No. BC316318

Dear Mr. Marshall:

This letter is in reference to your letter dated December 8, 2016, requesting the authentication of Federal Bureau of Investigation (FBI) 302s in the *Busch* matter. Please be advised the FBI can only consider your request once you comply with Title 28, Code of Federal Regulations (CFRs) Section 16.21 et seq, and the Privacy Act of 1974, Title 5 USC Section 552a. See, United States ex rel Touhy v. Ragen (1951) 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417.

The Privacy Act, which generally prohibits disclosure of records maintained by government agencies, precludes the FBI from disclosing any information concerning any person or persons without either written consent or a jurisdictionally valid court order authorizing the FBI to disclose the requested information. 5 U.S.C. § 552b. Section 552(a)(b)(11) of the Act provides for disclosure "pursuant to the order of a court of a competent jurisdiction[.]" Therefore, the Department of Justice has adopted a policy of requiring a court order prior to providing oral testimony or releasing any records which are suitable for disclosure under 28 CFR § 16.21 et seq. A standard subpoena not reviewed or signed by a judge is always subject to be quashed or modified by a court and does not protect the individual interests sought to be protected by Section 552(a)(b)(11). Violations of the Privacy Act are subject to civil and criminal penalties.

In order for the FBI to process your request, you must supply us with a federal court order, a waiver, or some other basis for production consistent with the Privacy Act. Please be aware that obtaining a federal court order does not ensure that you will receive the records as we may still be subject to the restrictions of the CFRs.

**EXHIBIT 4**

1

This letter should not be construed as a waiver of sovereign immunity or of any privilege or statutory protection applicable to the records you have requested. You should also be aware that compliance with the above referenced procedural and statutory requirements does not obligate the FBI to release the information sought. The FBI reserves the right to determine, pursuant to the CFR and applicable governmental privileges, whether it would be appropriate to disclose the information requested in your correspondence.

Please be advised that the date ordered to respond is an insufficient amount of time for our office to prepare a response for this request. For any questions concerning this matter, please feel free to contact PLS Albert Godoy at (310) 996-4167. Thank you for your cooperation in this matter.

Sincerely,

DEIRDRE L. FIKE
Assistant Director in Charge

By: PAUL F. RAIMONDI
Chief Division Counsel

EXHIBIT 4

2